Ter curiam.

Wo are very clearly of opinion that the act of limitations cannot be pleaded by any other person than the Defendant. It does not appear, however, by the record, that the plea was pleaded by ihe garnishee, and we cannot receive any verbal testimony of that fact. We are bound to follow the record. As to the point, whether the act will run against the Plaintiff whilst the Defendant is beyond sea — the Defendant was in fact in this country when the debt was contracted, though that is not stated in tiie record so as to enable us to take notice of it — laying that out of tiie case, our act makes no saving in favor of a Plaintiff, where the Defendant is beyond sea. The British get, which had the same savings as ours, was always construed not to save the Plaintiff’s action when the Defendant was beyond sea, and that occasioned the 4fh and 6th Anne, c. 16, s. 19. if the Defendant was in this country when the contract was made, and the act began to run against the Plaintiff,it will run on notwithstanding the Defendant’s removal; or if it had not began to run before his removal, his absence will not suspend its operation ; or if iie resided beyond sea at the time of the contract, and tiie Plaintiff will make use of the remedies offered by our courts, he must accept of them upon the terms imposed by our law ; that is to say, he must bring his suit within three years. Length of *530 js naturally, and every wh-re, presumption of payment ; where no time is limbed by law, die presumption is left to be governed by such risviHflstauces as are sufficient ¡o raise if ; where Die saw lias /ixrd the time, she presumption is not left i<» be regulated by opinion, but it pur.I arise after the lapse of the prescribed time. If in this country no time was limited by an express law, yet payment of tiiis debí might be. inferred from a lapse of three years, wherever it was con.rooted. This proves, that ail rout ('Hots wherever made, are subject to be. affected by the. ¡apse of time in every country, particularly by a lapse of three years, when (here is no circumstance attending the case that can legally save the Plaintiff’s right.
Note. — Upon the point <>f the net of limitations, see Ridley’s Adm'rs. v. Thorpe, 2 Hay, 343. McLellan’s Adm’r. v. Hill’s Ex’r. Con. Rep. 479. Jones v. Jones v. 3 Murph 594, which are constructions upon the act oi 1715, c. 48. flic iw>> firs of tóese cases would seem to establish the position that the act b gins to tun against the claim before th-ie is any p-rson m existence who can assert it, but the last case decaes that thcr-- must besom, person in existence al the lime of the detun of the debtor, who might have asserted his claim, in order to give fft cl to ihv statute This case* also Tn.-iitioos tli.it in the case of McLellan’s Adm’r. v. Hill’s Ex’r. the fact that McLellan was alive at Mil’s death. is omitted m ('on. Rep. so that that cas. establishes nothing itl.nv tiuii tiiat when the stauiio once begins to run, nothing can stop it, whicn is well established by .!! ho auth .rities. Would not the. principle adopted m Jones v. Broddie, equally apply to the case where there is no Defendant m tinscountry to whom the Plaintiff could, apply?